# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-293V
(Filed July 15, 2014)
**NOT TO BE PUBLISHED**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| RUBY J. WILLIAMS, | |
| Petitioner, | Special Master Corcoran |
| v. | Entitlement; Conceded |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Elizabeth M. Muldowney*, Rawls, McNelis and Mitchell, P.C., Richmond,VA, for Petitioner.

*Traci R. Patton*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## RULING FINDING ENTITLEMENT[1]

On April 14, 2014, Petitioner Ruby J. Williams filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Petitioner alleges that she suffered neuropathic pain in her left shoulder and arm as a result of receiving the trivalent influenza vaccine on October 28, 2011.

---

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id*).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

In her Rule 4(c) Report, Respondent indicates the conclusion that the Petitioner's claim is compensable under the Act. Respondent specifically stated that the Division of Vaccine Injury Compensation (DVIC), Department of Health and Human Services, has reviewed the facts of this case and has concluded that the Petitioner is entitled to a vaccine award because "Petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA")" (Rule 4(c) Report at 6). Additionally, the Rule 4(c) Report acknowledges that Petitioner has satisfied all the other legal prerequisites for compensation under the Vaccine Act. *Id.*

In view of Respondent's concession, and based on my own review of the record (*See* § 300aa-13(a)(1)), I find that Petitioner is entitled to compensation for an injury that was caused-in-fact by a covered vaccine. 42 C.F.R. §§ 100.3(a)(XIV) and 100.3(b)(2). A separate damages order will issue shortly.

Any questions may be directed to my law clerk, Christina Gervasi, at (202) 357-6521.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master