# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-293V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RUBY J. WILLIAMS, | \* | |
| | \* | |
| Petitioner, | \* | Filed: March 12, 2015 |
| | \* | |
| v. | \* | Decision by Proffer; Damages; |
| | \* | Influenza ("Flu") Vaccine; Shoulder |
| | \* | Injury Related to Vaccine |
| SECRETARY OF HEALTH AND | \* | Administration ("SIRVA") |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Elizabeth Martin Muldowney, Richmond, VA, for Petitioner

Traci R. Patton, Washington, DC, for Respondent

### DECISION AWARDING DAMAGES[1]

On April 14, 2014, Ruby J. Williams filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] On July 14, 2014, Respondent filed a Rule 4(c) report conceding that Petitioner's alleged injury was consistent with a shoulder injury related to vaccine administration, and that Petitioner had met the statutory six month injury requirement. On July 15, 2014, I entered a decision finding that Petitioner had established that she was entitled to compensation for her injury.

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) permits each party 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 10, 2015, Respondent filed a proffer awarding compensation to Petitioner. I have reviewed the file, and based upon that review I conclude that Respondent's proffer is reasonable. I therefore adopt it as the decision of the Court in awarding damages on the terms set forth therein.

The proffer proposes the following award to Petitioner:

> **A lump sum of $95,417.00** in the form of a check payable to Petitioner, Ruby J. Williams. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner will be entitled;

Proffer § II.

I approve a Vaccine Program award in the amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment may be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RUBY J. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 14-293V |
| ) | Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN ) | ECF |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.   Compensation for Vaccine Injury-Related Items**

Respondent proffers that, based on the evidence of record, petitioner should be awarded $95,417.00. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4). Petitioner agrees.

**II.   Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the special master's decision and the Court's judgment award the following:[1]

A. A lump sum payment of $95,417.00 in the form of a check payable to petitioner, Ruby J. Williams. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

        Respectfully submitted,

        BENJAMIN C. MIZER
        Acting Assistant Attorney General

        RUPA BHATTACHARYYA
        Director
        Torts Branch, Civil Division

        VINCENT J. MATANOSKI
        Deputy Director
        Torts Branch, Civil Division

        ALTHEA W. DAVIS
        Senior Trial Counsel
        Torts Branch, Civil Division

        s/Traci R. Patton
        TRACI R. PATTON
        Senior Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        Ben Franklin Station, P.O. Box 146
        Washington, D.C. 20044-0146
        Tel.:   (202) 353-1589

DATE: March 10, 2014